IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMUALDO ENRIQUEZ and OLIVIA ENRIQUEZ,<br><br>    Plaintiffs,<br>  v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants.<br>_____/ | No. C-15-0940 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

Before the Court is the "Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction," filed August 24, 2015, on behalf of defendants Bank of America, N.A. and The Bank of New York Mellon f/k/a The Bank of New York as trustee for the Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates, Series 2006-AR7. Plaintiffs Romualdo and Olivia Enriquez have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 16, 2015, and rules as follows.

**BACKGROUND**

In the initial complaint, filed March 2, 2015, plaintiffs, alleging the Court had diversity jurisdiction, asserted against defendants a total of six counts, titled, respectively, "Wrongful

1  Foreclosure," "Quiet Title," "Breach of Contract," "Fraud," "Violation of Cal. Civ. Code
2  Section 2924.17," and "Violation of Bus. and Profs. Code, Section 17200, et seq." By order
3  filed May 20, 2015, the Court granted defendant's motion to dismiss the initial complaint for
4  failure to state a claim, dismissing without leave to amend the counts titled "Wrongful
5  Foreclosure," "Quiet Title" and "Violation of Cal. Civ. Code Section 2924.17," and
6  dismissing with leave to amend the counts titled "Breach of Contract," "Fraud" and
7  "Violation of Bus. and Profs. Code, Section 17200, et seq."
8       On June 3, 2015, plaintiffs filed their First Amended Complaint ("FAC"). In the FAC,
9  plaintiffs amended the three counts that had been dismissed with leave to amend, and, in
10 addition, alleged two new counts, titled, respectively, "Negligent Infliction of Emotional
11 Distress" and "Intentional Infliction of Emotional Distress." By order filed July 23, 2015, the
12 Court granted defendants' motion to dismiss the FAC for failure to state a claim, dismissing
13 without leave to amend the counts titled "Fraud," "Negligent Infliction of Emotional Distress"
14 and "Intentional Infliction of Emotional Distress," and dismissed with leave to amend the
15 counts titled "Breach of Contract" and "Violation of Bus. and Profs. Code, Section 17200, et
16 seq."
17      On August 6, 2015, plaintiffs filed their Second Amended Complaint ("SAC). In the
18 SAC, plaintiffs amended the two counts that had been dismissed with leave to amend,
19 namely, "Breach of Contract" and "Violation of Bus. and Profs. Code, Section 17200, et
20 seq."

## DISCUSSION

22  Defendants seek dismissal of the SAC on grounds different from that asserted in
23 their prior motions to dismiss. At this juncture, defendants do not contend plaintiffs fail to
24 state a claim, as they did with respect to the initial complaint and the FAC, but, rather, that
25 the Court lacks diversity jurisdiction. In particular, according to defendants, the requisite
26 amount in controversy cannot be established.
27      A district court has diversity jurisdiction where "the matter in controversy exceeds the
28 sum or value of $75,000, exclusive of interest and costs," and the matter is "between

. . . citizens of different States." See 28 U.S.C. § 1332(a).  Federal courts "use the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015).  Under this test, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id.

Here, plaintiffs allege in the SAC, as they did in the initial complaint and in the FAC, that "[t]he amount in controversy exceeds $75,000." (See SAC ¶ 5; see also Compl. ¶ 6; FAC ¶ 5.)[1]  If plaintiffs were to prevail on the two counts asserted in the SAC, defendants argue, the only cognizable damages plaintiff could recover would total $13,245.61. Plaintiffs respond that a determination as to whether the amount in controversy has been shown is made with reference to their initial complaint, not the SAC.  The Court agrees.[2]

The Supreme Court has made clear that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." See St. Paul Mercury Indemnity, 303 U.S. at 289-90; see also Mullan v. Torrance, 22 U.S. 537, 539 (1824) (holding, with respect to requirement that parties be diverse, "the jurisdiction of the Court depends upon the state of things at the time of the action brought, and . . . after vesting, it cannot be ousted by subsequent events"). Consequently, where an initial complaint seeks damages meeting the jurisdictional minimum, a subsequent reduction of the amount in controversy, even if to an amount below the jurisdictional minimum, will not deprive the district court of jurisdiction. See St. Paul Mercury Indemnity, 303 U.S. at 295.

Here, defendants do not contend plaintiffs' initial complaint did not meet the amount in controversy required under § 1332(a).  Indeed, the value of the relief sought in the initial

---

[1] Defendants do not challenge plaintiffs' allegations as to diversity of citizenship.

[2] In light of such finding, the Court need not resolve the parties' dispute as to the amount in controversy attributable to the two claims in the SAC.

3

complaint plainly exceeded the sum of $75,000, as, in that pleading, plaintiffs sought, inter alia, to quiet title to a residence located in Brentwood, California (see Compl. ¶¶ 1, 64), a property for which plaintiffs had obtained a mortgage loan in the amount of $647,500 (see id. Ex. A), and which property, according to plaintiffs, has been appraised at $925,000 (see id. Ex. B).  In light of such allegations alone, the Court cannot "declare to a legal certainty" that, at the time the initial complaint was filed, the amount in controversy did not exceed $75,000.  See Naffe, 789 F.3d at 1040 (holding district court "must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less").

Accordingly, the motion to dismiss for lack of jurisdiction will be denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the Second Amended Complaint is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 25, 2015

MAXINE M. CHESNEY
United States District Judge